UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL MAYS,

    Petitioner,

                                                Case No. 06-12431
                                                HON. AVERN COHN

v.

JAN TROMBLEY,

    Respondent.
_____/

## **MEMORANDUM AND ORDER DENYING**
## **PETITION FOR WRIT OF HABEAS CORPUS**

### I. Introduction

This is a habeas case under 28 U.S.C. §2254. Michael Mays, ("Petitioner"), filed a <u>pro se</u> petition for writ of habeas corpus claiming that he is incarcerated[1] in violation of his constitutional rights and raises six claims detailed below. Respondent argues that Petitioner's claims lack merit or cognizable on habeas review. For the reasons that follow, the petition will be denied.

### II. **Factual Background**

The material facts as gleaned from the record follow.

Petitioner's conviction arises out of an assault upon Rebecca Campbell on June 24, 2003 in Kalamazoo, Michigan. On June 24, 2004, Petitioner pled guilty to slashing

---

[1]Petitioner is presently confined at the Saginaw Correctional Facility in Freeland, Michigan where Lloyd Rapelje is the warden.

1

Campbell across the throat with a knife after an evening of ingesting illegal drugs and engaging in sexual intercourse with Campbell. Although there is medical evidence of a deep knife wound to Campbell's neck, a struggle between Petitioner and Campbell with the knife, multiple lacerations on Campbell's hands, and an additional knife wound across her chest, Petitioner has no recollection of his actions resulting in those injuries. Petitioner, however, stipulated to the medical evidence and that he was responsible for the existence of those injuries.

### III. Procedural History

Petitioner pled guilty to assault with intent to commit murder. The prosecutor agreed to dismiss the assault with intent to do great bodily harm less than murder and agreed to accept Petitioner's plea as a first offender, thereby also dismissing the supplemental information regarding his fourth habitual offender status. On July 19, 2004, Petitioner was sentenced to thirty-one to sixty years' imprisonment.

Petitioner filed an application for leave to appeal raising six issues, as follows:

Claim 1    whether the trial court abused its discretion when it denied Petitioner's motion to withdraw his plea because it was induced by representations by the prosecutor which were not fulfilled;

Claim 2    whether the trial court erred in denying Petitioner's motion to withdraw his plea when the plea was not knowing and voluntary;

Claim 3    whether the trial court erred in scoring Petitioner's offense variables 3, 6 and 10;

Claim 4    whether the trial court erred in denying Petitioner's motion for re-sentencing when the offense variables were improperly scored in violation of his Sixth Amendment right to a fair jury trial;

Claim 5    whether the trial court abused its discretion when it denied

2

| | Petitioner's request for an evidentiary hearing; and |
|---|---|
| Claim 6 | whether the trial court erred in considering an underlying prior conviction when there was no showing that the facts as alleged by the prosecutor were accurate; and considering such evidence denied Petitioner's right to due process at his sentencing. |

The Michigan Court of Appeals denied the claims for lack of merit on the grounds presented. People v. Mays, Mich. Ct. App. No. 264665 (Oct. 5, 2005). The Michigan Supreme Court denied leave to appeal. People v. Mays, 474 Mich. 1070; 711 N.W.2d 317 (Feb. 27, 2006) (Table).[2]

Petitioner then filed the instant petition, raising the identical issues raised on appeal in the state courts.

## IV. Standard of Review

Under 28 U.S.C. §2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

---

[2]Justice Kelly indicated that she would "hold this case in abeyance for People v. Drohan, lv. gtd. 472 Mich. 881, 693 N.W.2d 823 (2005)." The Michigan Supreme Court granted leave in Drohan on the limited issue of whether Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) applied to the Michigan sentencing scheme. On leave, the Michigan Supreme Court concluded in Drohan that Michigan's indeterminate sentencing does not violate the Sixth Amendment as there is no constitutional right to a sentence below the maximum sentence authorized by the jury's verdict. People v. Drohan, 475 Mich. 140, 163-64; 715 N.W.2d 778 (2006).

3

"Clearly established federal law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Furthermore, a federal court may not issue a writ of habeas corpus under the "unreasonable application" clause of 28 U.S.C. §2254(d) "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 365; see also Prince v. Vincent, 538 U.S. 634, 638-39 (2003). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable," as opposed to transforming the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was reasonable. Williams v. Taylor, 529 U.S. at 411.

## V. Analysis

### A. Claims 1 & 2 - Trial Court's Denial of Motion to Withdraw Plea

Petitioner argues that the trial court abused its discretion in denying his motion to withdraw the guilty plea. He also argues that his guilty plea was not knowing and voluntary because he agreed to plead guilty due to the prosecutor's alleged representation that Petitioner's minimum sentence would be no more than twelve to fourteen years. Respondent says these claims lack merit.

To be valid, a guilty plea must be voluntarily and intelligently made. Brady v. U.S., 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." Id. at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Id. at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. Id. at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." Lyons v. Jackson, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the

5

precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

Ramos v. Rogers, 170 F.3d 560, 564 (6th Cir. 1999), quoting Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986).

The last state court to issue a reasoned opinion regarding this claim was the trial court when it denied Petitioner's motion to withdraw his plea. The trial court conducted a hearing on the motion and reviewed the transcribed record of the plea. The trial court noted that Petitioner's trial attorney[3] submitted an affidavit to the trial court stating that he was misled by the prosecutor into believing that they had an implied agreement that Petitioner would not only be sentenced to no more that twelve to fourteen years' imprisonment at the minimum range, but also that the prosecutor would argue at sentencing that certain offense variables be scored as follows: (1) OV 1 - 15 points; (2) OV3 - 10 points; (3) OV 6 - 25 points; and (4) OV 10 - 15 points. However, the trial court explained as follows:

> At page four of the transcript it is – could not have been more clear as to what was agreed to. [The prosecutor] recited the agreement, and it includes the following:
>
>> At the time of sentencing the People and defendant have agreed that the defendant will be sentenced within guidelines – and then emphasize – as scored by the Court. The People and the defendant will be, of course, able to argue the scoring of the guidelines. And both sides will be able to argue where you should sentence within those guidelines.

---

[3]Petitioner was appointed new counsel following his plea and sentence, who represented him at the hearing on his motion to withdraw the plea.

So the agreement is simply that he be sentenced within those guidelines with argument from both sides. I can't imagine a clearer statement of the agreement. And as noted on the arraignment report on June 24 – the date of the plea – the Court wrote down that – in shorthand, in effect – plead guilty to count one, dismiss two, guidelines per Court, which I believe accurately reflects what [the prosecutor] explained.

At the bottom of page four [Petitioner's trial counsel] agrees that his client is prepared to enter a plea after a clarification on an unrelated point.

The trial court then noted that defendant was asked if he understood the plea agreement. Defendant said, "Yes, sir."

The Court explained to him that the plea– the conviction would carry up to a possible life or any term of years in prison. He said he understood that.

The trial court went on to say:

> If I accept your plea you will give up any claim that the plea was a result of promises or threats that were not disclosed here today at this proceeding and you also give up the claim that the plea was not your choice; do you understand?

To which defendant answered "Yes." The trial court also noted that defendant denied there were any other promises or threats that were not discussed here today so far. The trial court concluded:

> In the face of that, I cannot under any conceivable interpretation of the facts conclude that the defendant was misled, that he was not sentenced within the parameters of the plea agreement as clearly stated on the record.

Tr. Withdrawal of Plea Hearing, 7/8/05, pp. 12-14.

7

In addition to the trial court's recitation of what took place at the plea colloquy, the following exchange took place:

> **The Court:** Is it your choice to do this?
> **The Defendant:** Yes, sir.
> **The Court:** You can't come back later and tell me it's not your choice or that there were promises or threats; do you understand that?
> **The Defendant:** Yes, sir. I understand that.
>                         \*   \*   \*
> **The Court:** And you've heard the plea agreement and agree to that?
> **The Defendant:** Yes, sir.
>                         \*   \*   \*
> **The Court:** Counsel, any other promises, threats, or inducements that led to the plea that have not been disclosed?
> **The prosecutor:** None the People are aware of.
> **Trial counsel:** No.

Tr. Plea Hearing, 6/24/04, pp. 6-7, 15.

Based upon the Court's review the plea colloquy, the hearing on Petitioner's motion to withdraw and the trial court's decision, the Court cannot say that the trial court's decision was contrary to or an unreasonable application of Supreme Court precedent. Accordingly, Petitioner is not entitled to habeas relief cannot be granted on this ground.

### B. Claims 3 & 4 - Sentencing Guideline Claims

Petitioner argues that the trial court erred in scoring his offense variables (i.e., OV 3, OV 6 and OV 10) under the Michigan Sentencing Guidelines in fashioning his sentence and that as a result he should be re-sentenced under Blakely v. Washington, 542 U.S. 296 (2004). Claims which arise out of a state trial court's sentencing decision

8

are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

To the extent that Petitioner claims that the trial court erred in departing above the minimum sentencing guideline range under state law, it is not cognizable on federal habeas review. See McPhail v. Renico, 412 F.Supp.2d 647, 656 (E.D. Mich. 2006); Robinson v. Stegall, 157 F. Supp. 2d 802, 803 (E.D. Mich. 2001). A sentence imposed within the statutory limits is not generally subject to habeas review. Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp.2d 788, 797 (E.D. Mich. 1999). Moreover, it is well-established that "federal habeas corpus review does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987).

The Court notes that Petitioner's sentence of thirty-one years to sixty years was within the statutory limits for the offense of assault with intent to commit murder. Mich. Comp. Laws §750.83. Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. See Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Therefore, Petitioner's argument that several of his offense variables under the Michigan Sentencing Guidelines were incorrectly scored, fails to state a claim upon which habeas relief can be granted.

9

To the extent that Petitioner claims that the trial court erred in departing above the minimum sentencing guideline range under federal law, Petitioner, likewise fails to state a claim upon which habeas relief may be granted. Tironi v. Birkett, No.. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); Delavern v. Harry, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007).

Petitioner also argues that in scoring the sentencing guidelines range, the trial court violated the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004), where the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

Blakely, however, involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The decision in Blakely has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. See Blakely, 542 U.S. at 304-05, 308-09. Because Blakely does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of Petitioner's sentencing guidelines range did not violate his Sixth Amendment rights. See Tironi, at *1-2. Therefore, Petitioner is not entitled to habeas relief on this ground.

### C. Claim 5 - Evidentiary Hearing

Petitioner claims that the trial court abused its discretion in denying his motion for an evidentiary hearing which was requested for the purpose of supporting his claim that there was an implicit agreement between trial counsel and the prosecutor surrounding the underlying circumstances of his plea arrangement. However, a state court's decision not to grant an evidentiary hearing is a state issue and is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Furthermore, given the Court's determination that Petitioner's plea was valid and not subject to withdrawal, Petitioner has not shown the need for an evidentiary hearing. Accordingly, habeas relief is not warranted on this claim.

### D. Claim 6 - Inaccurate Information Regarding Prior Conviction

Finally, Petitioner claims that his due process rights were violated at his sentencing when the prosecutor brought to the trial court's attention a prior conviction for assault with intent to commit murder upon Sherri Smith in 1992 because the details as described by the prosecutor were misstated and inaccurate. Tr. Sent., 7/19/04, pg. 14. The prosecutor described the details of the prior offense; and trial counsel objected stating "[w]e're not sentencing him for something that happened 12 years ago. We're sentencing him for something that happened in June." Id. at 15. Trial counsel did not argue that the content of the prosecutor's argument was inaccurate, only that it should not be considered for purposes of sentencing. The trial court stated that it was "accepting that portion of the prosecutor's argument with respect to the prior offense in considering this because it's in the [pre-sentence] report and you've [Petitioner] agreed that it's accurate." Id. at 22.

A sentence violates due process if it is based on "misinformation of constitutional magnitude." Roberts v. United States, 445 U.S. 552, 556 (1980), quoting United States v. Tucker, 404 U.S. 443, 447 (1972), or on "extensively and materially false" information which the defendant had no opportunity to correct. Townsend, 334 U.S. at 741; Ratliff v. United States, 999 F.2d. 1023, 1028 (6th Cir. 1993). According to the trial court, Petitioner agreed with the content of the pre-sentence report and did not challenge the accuracy of any of its factual information. Tr. Sent., 7/19/04, pg. 22. Although Petitioner has raised the issue in this habeas petition, he has not demonstrated to this Court how the prosecutor's recitation of the prior offense was factually inaccurate. Accordingly, Petitioner is not entitled to habeas relief on this claim.

## VI. Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief. The petition is DENIED. This case is DISMISSED.

SO ORDERED.

Dated: May 7, 2008
      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Michael Mays, 172147, Saginaw Correctional Facility, 9625 Pierce Road Freeland, MI 48623 on this date, May 7, 2008, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160